THE HONORABLE RICARDO S. MARTINEZ

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**IN SEATTLE**

| | |
|---|---|
| WESTRIDGE TOWNHOMES OWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>GREAT AMERICAN ASSURANCE COMPANY, a foreign insurance company, as successor to AGRICULTURAL INSURANCE COMPANY; GREENWICH INSURANCE COMPANY, a foreign insurance company,<br><br>Defendants. | No. 2:16-cv-01011 RSM<br><br>MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>**NOTE ON MOTION CALENDAR:** MAY 12, 2017 |

## I.     INTRODUCTION & RELIEF REQUESTED

Plaintiff Westridge Townhomes Owners Association ("the Association") respectfully requests leave to file its Amended Complaint, which adds causes of action for bad faith and violation of RCW 48.30.015, the "Insurance Fair Conduct Act" ("IFCA").

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 1

**CASE NO. 2:16-cv-01011 RSM**

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

A red-lined version of the Association's proposed Amended Complaint—identifying how the Amended Complaint differs from the original Complaint—is attached as **Appendix A**. A clean copy with Exhibits is attached as **Appendix B**.

## II.  FACTS

On April 28, the Association submitted insurance claims to two of its property insurers for damage to its condominium buildings. *See Dkt. 25* at 6-12 of 80. On June 13, the Association provided Great American and Greenwich with notice under RCW 48.30.015 ("IFCA"), informing them of the basis for a cause of action under IFCA, including identifying multiple violations of the Washington Administrative Code for Great American's failure to timely respond to or investigate the Association's April 28 claim. *Dkt. 25* at 16-18 of 80.

The Association filed this lawsuit on June 29, 2016, *Dkt. 1*, and the insurers Answered on July 25, 2016. *Dkts. 13, 15*. On September 15, 2016, Great American and Greenwich filed a motion to stay the lawsuit, supposedly so they could complete their investigation of the Association's April 28 claim and "issue an appropriate decision regarding coverage." *Dkt. 21* at 1. The stay ended February 14, 2017. *Dkt. 35* at 3. By letter dated April 12, 2017, Great American and Greenwich denied the Association's claim. *Declaration of Charles K. Davis in Support of Motion for Leave to File Amended Complaint ("Davis Decl."), Ex. A*.

## III.  ISSUE

Should the Court allow the Association to file an Amended Complaint to add claims for bad faith and violation of RCW 48.30.015?

## IV.  EVIDENCE RELIED UPON

This motion is based upon the pleadings and other papers previously filed in this lawsuit, together with the declaration of Charles K. Davis and attachments thereto.

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 2

**CASE NO. 2:16-cv-01011 RSM**

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

## V. AUTHORITY

**A.   LEAVE TO AMEND SHOULD BE FREELY GRANTED**

Leave to amend should be freely granted, unless the opposing party will be unduly prejudiced.  Fed. R. Civ. P. 15(a)(2); Lazuran v. Kemp, 142 F.R.D. 466, 468 (W.D. Wash. 1991).  Amendment should be allowed with "extreme liberality."  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).  Consistent with this principle, the non-moving party bears the burden of persuading the court that leave should not be granted.  Breakdown Servs., Ltd. v. Now Casting, Inc., 550 F. Supp. 2d 1123, 1132 (C.D. Cal. 2007).

A court's decision whether to grant a motion to amend is reviewed for abuse of discretion.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  In exercising its discretion, "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  Webb, 655 F.2d at 979.

Courts consider five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."  Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).  The factors are not considered equally and "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend."  Webb, 655 F.2d at 980.

Under the Rule's liberal amendment policy, there is a presumption in favor of granting leave to amend.  *See* Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original).  Here, no factor exists to overcome the presumption in favor of amendment.

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 3

**CASE NO. 2:16-cv-01011 RSM**

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

### 1. **No Undue Delay**

Generally, there is no undue delay where the motion to amend is filed at an early stage in discovery, no discovery or summary judgment motions have been filed, and no major litigation deadlines have passed or are imminent. *See* Fosmire v. Progressive Max Ins. Co., C10-5291JLR, 2011 WL 4459780, at *4 (W.D. Wash. Sept. 26, 2011) (no undue delay when "delay did not include the passing of any major litigation dates, such as the closing of merits discovery or the dispositive motions deadline"); Wixon v. Wyndham Resort Dev. Corp., C07-02361 JSW, 2007 WL 3101331, at *2 (N.D. Cal. Oct. 22, 2007) (finding that the plaintiffs did not unduly delay in filing their motion because the suit was in an early stages of litigation).

Here, there has been not been any undue delay. The lawsuit was stayed shortly after it was filed and the stay was not lifted until mid-February. *See Dkts. 29, 35*. No summary judgment or discovery motions have been filed and there are no impending deadlines. *See Dkt. 37* (Order Setting Trial Date and Related Deadlines). Moreover, Great American and Greenwich did issue their decision denying the Association's claim until less than two weeks ago: April 12, 2017. *Davis Decl., Ex. A*.

### 2. **No Party will be Prejudiced by the Proposed Amendments**

"The party opposing amendment bears the burden of showing prejudice." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). "Moreover, 'the non-moving party must do more than merely claim prejudice; it must show that it [would be] unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.'" Miller v. Beneficial Mgmt. Corp., 844 F. Supp. 990, 999 (D.N.J. 1993).

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 4

**CASE NO. 2:16-cv-01011 RSM**

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

This suit was filed on June 29, 2016, *Dkt.* 1, and then stayed until February 14, 2017. *Dkt. 35*. The discovery cut-off is not until December 18, 2017. *Dkt. 37*. The defendants will have ample time to develop facts or evidence to meet the Association's new claims.

### 3. Amendment is not Futile

Defendants have the burden to prove futility of amendment. *See* Amaya v. Roadhouse Brick Oven Pizza, Inc., 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("The opposing party . . . bears the burden of establishing that an amendment would be futile."). This burden is a high one because an amendment is futile only if it would not survive a motion to dismiss, which requires that all allegations sought to be amended are taken as true. Acme Printing Ink Co. v. Menard, Inc., 881 F. Supp. 1237, 1243 (E.D. Wis. 1995) ("The burden on the objecting parties to show futility of amendment is thus substantial, especially in light of the fact that all material allegations sought to be amended are taken as true.").

Here, the Association is amending its complaint to add bad faith and IFCA claims. Bad faith and IFCA claims turn on whether the insurer's acts, coverage decisions, or failure to pay benefits are "unreasonable." Smith v. Safeco Ins. Co., 78 P.3d 1274, 1277 (Wash. 2003) ("To succeed on a bad faith claim, the policyholder must show the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded."); RCW 48.30.015(1) ("Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action . . . ."). Whether something is unreasonable is a fact question for the jury. Bronsink v. Allied Prop. & Cas. Ins. Co., No. C09-751MJP, 2010 WL 2342538, at *4 (W.D. Wash. June 8, 2010) ("'Reasonableness' is a question of fact dependent on the circumstances."). Whether defendants' actions or claim denials were reasonable cannot be determined on a motion to dismiss and therefore the amendment is not

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 5

**CASE NO. 2:16-cv-01011 RSM**

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

futile. *See* Skansgaard v. Bank of Am., N.A., 896 F. Supp. 2d 944, 948 (W.D. Wash. 2011) ("Whether Defendants action was reasonable is a question of fact that cannot be determined on the motion to dismiss, and does not provide a basis to dismiss the claim as a matter of law.").

### 4. Bad Faith and Previous Amendment

This is the Association's first request to amend. Moreover, there is no evidence that the Association is seeking its amendment in bad faith.

### B. THE ASSOCIATION FULFILLED IFCA'S STATUTORY NOTICE REQUIREMENT

Before "filing an action" based on IFCA, a plaintiff must first give at least 20 days' written notice of its intent to assert the claim:

> (a) Twenty days prior to filing an action based on this section, a first party claimant must provide written notice of the basis for the cause of action to the insurer and office of the insurance commissioner. . . .
>
> (b) If the insurer fails to resolve the basis for the action within the twenty-day period after the written notice by the first party claimant, the first party claimant may bring the action without any further notice.
>
> (c) The first party claimant may bring an action after the required period of time in (a) of this subsection has elapsed.

RCW 48.30.015(8)(a)–(c).

Courts construing this statute have consistently held that a plaintiff satisfies this notice requirement if it gives notice more than 20 days before *amending an existing complaint* to add an IFCA claim—a plaintiff is not required to provide an IFCA notice before filing *the lawsuit* generally. *See, e.g.,* The Shaw Grp. Inc. v. Zurich Am. Ins. Co., No. CIV.A.12-257-JJB, 2014 WL 6610010, at *4 (M.D. La. Nov. 20, 2014) ("Federal courts interpreting Washington law have . . . allowed for IFCA claims to move forward when the plaintiff filed suit, gave notice

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 6

CASE NO. 2:16-cv-01011 RSM

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

of intent to sue under IFCA, and then filed an amended complaint more than twenty days later to reflect the IFCA claim.").[1]

In other words, a plaintiff may amend to assert an IFCA claim if the plaintiff gave notice of its intent to assert an IFCA claim at least twenty days before filing the amended complaint. *See* Bronsink, 2010 WL 2342538, at *2 ("Plaintiffs' written notice . . . over 20 days in advance of amending their complaint, was sufficient to satisfy the condition precedent to filing their IFCA claim.").[2]

The Association served its pre-IFCA notice to Great American and Greenwich on June 13, 2016. *Dkt. 25* at 16-18 of 80. That was more than 20 days ago. Because the Association is seeking to amend its complaint to add IFCA causes of action more than 20 days after notifying Great American and Greenwich of its intent to make the claim, the Association has satisfied the notice requirement in RCW 48.30. 015.

## VI.   CONCLUSION

The Association requests that the Court grant its motion, allowing the Association to amend its Complaint to add causes of action for bad faith and IFCA.

---

[1] *See also* Stellar J Corp. v. Unison Sols., Inc., No. C12-5982-RBL, 2013 WL 1499151, at *3 (W.D. Wash. Apr. 11, 2013) ("Nothing in the IFCA prevents a plaintiff from amending a complaint to add an IFCA claim . . . . Further, the IFCA only requires notice before an IFCA *claim* is filed.") (emphasis added); Jamir v. Standard Fire Ins. Co., No. C10-569RSM, 2010 WL 5012543, at *2 (W.D. Wash. Dec. 3, 2010) ("The statute is clear on its face that the notice need only be filed twenty days before filing 'an action **based on this section....**' Plaintiff's action was not 'based on this section' until April 19, 2010 when they amended their complaint to include a claim under the IFCA.") (emphasis in original); Bronsink v. Allied Prop. & Cas. Ins. Co., No. C09-751MJP, 2010 WL 2342538, at *2 (W.D. Wash. June 8, 2010) ("Defendant's contention that the filing of *any* complaint concerning the insurance policy ('an action') triggers the IFCA notice requirement is undercut by the language of the statute, which reads that the written notice is to be provided 20 days prior to the filing of 'an action *based on this section*.'").

[2] *See also* Stellar J, 2013 WL 1499151, at *3 ("Nothing in the IFCA prevents a plaintiff from amending a complaint to add an IFCA claim—*even if the IFCA claim is based on facts already in the complaint*.") (emphasis added); Bronsink, 2010 WL 2342538, at *2 (amendment allowed even where original complaint alleged "anticipated" IFCA claim).

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 7

**CASE NO. 2:16-cv-01011 RSM**

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

1 | DATED this 27th day of April 2017.

2 |           HARPER | HAYES PLLC

By: s/ *Todd C. Hayes*
    Todd C. Hayes, WSBA No. 26361
    s/ *Charles K. Davis*
    Charles K. Davis, WSBA No. 38231
    600 University Street, Suite 2420
    Seattle, WA 98101
    **Tel**.   206.340.8010
    **Fax**.  206.260.2852
    **Email**: todd@harperhayes.com
             cdavis@harperhayes.com
    Attorneys for Plaintiff

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 8

**CASE NO. 2:16-cv-01011 RSM**

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington  98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the United States that on the below date I served this document on the following parties and counsel of record in the manner indicated:

| **Attorneys for Great American Assurance Company and Greenwich Insurance Company** | **Attorneys for Great American Assurance Company and Greenwich Insurance Company** |
|---|---|
| Daniel R. Bentson<br>Owen R. Mooney<br>Bullivant Houser Bailey PC<br>1700 Seventh Avenue, Suite 1810<br>Seattle, WA 98101 | Douglas G. Houser<br>Bullivant Houser Bailey PC<br>888 SW Fifth Avenue, Suite 300<br>Portland, OR 97204 |
| ☒ Via USDC CM-ECF system<br>☐ Via U.S. Mail<br>☐ Via Messenger<br>☐ Via email: dan.bentson@bullivant.com<br>☐ Via email: owen.mooney@bullivant.com | ☒ Via USDC CM-ECF system<br>☐ Via U.S. Mail<br>☐ Via Messenger<br>☐ Via email: doug.houser@bullivant.com |
| **Attorneys for Greenwich Insurance Company (Admitted Pro Hac Vice)** | **Attorneys for Great American Assurance Company** |
| Kevin F. Buckley<br>Mound, Cotton, Wollan & Greengrass, LLP<br>One New York Plaza, 44th Floor<br>New York, NY 10004 | Joseph D. Hampton<br>Betts Patterson Mines PS<br>701 Pike Street, Suite 1400<br>Seattle, WA 98101 |
| ☒ Via USDC CM-ECF system<br>☐ Via U.S. Mail<br>☐ Via Messenger<br>☐ Via email: kbuckley@moundcotton.com | ☒ Via USDC CM-ECF system<br>☐ Via U.S. Mail<br>☐ Via Messenger<br>☐ Via email: jhampton@bpmlaw.com |

DATED *April 27, 2017* in Seattle, Washington.

_____
Grace Kimm

CERTIFICATE OF SERVICE

**CASE NO. 2:16-cv-01011 RSM**

**H**ARPER | **H**AYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852