UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESTRIDGE TOWNHOMES OWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>GREAT AMERICAN ASSURANCE COMPANY, a foreign insurance company, as successor to AGRICULTURAL INSURANCE COMPANY; GREENWICH INSURANCE COMPANY, a foreign insurance company,<br><br>Defendants. | Case No. C16-1011RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |

This matter comes before the Court on Plaintiff Westridge Townhomes Owners Association ("the Association")'s Motion for Leave to File Amended Complaint. Dkt. #38. The Association moves to amend its Complaint to add claims for insurance bad faith and IFCA violations. Defendants Great American Assurance Company ("Great American") and Greenwich Insurance Company ("Greenwich")'s oppose the Motion. Dkts. #41 and #43.

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 1

factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

The Court has reviewed Plaintiff's Motion, Defendants' Responses, the associated materials, and Plaintiff's Reply brief. The Court is convinced that the Association has satisfied the IFCA notice requirement by providing at least 20 days' written notice to the insurers and the insurance commissioner of its intent to assert the claim. *See* Dkt. #42; RCW 48.30.015(8)(a)–(c); *Bronsink v. Allied Prop. & Cas. Ins. Co.*, 2010 U.S. Dist. LEXIS 56159, *4-5, 2010 WL 2342538 (W.D. Wash. June 8, 2010). The fact that Defendants did not expressly deny Plaintiff's claim until April 12, 2017, under the unusual circumstances of this case, does not change the fact that notice was given. Plaintiff argues that Defendants refused to process Plaintiff's claim in a reasonably prompt manner. Dkt. #45 at 3. There appears to be several questions of fact as to the reasonableness of Defendants actions in processing Plaintiff's claim. This is enough to defeat a futility argument. *See, e.g., Cedar Grove Composting, Inc. v. Ironshore Specialty Ins. Co.*, No. C14-1443RAJ, 2015 WL 3473465, at *6 (W.D. Wash. June 2, 2015) ("A refusal to pay a demand for coverage reasonably promptly is an unreasonable denial of benefits, even if only temporary."); *Taladay v. Metro. Grp. Prop. & Cas. Ins. Co.,* No. C14-

1290-JPD, 2016 WL 3681469, at *20 (W.D. Wash. July 6, 2016) ("Although MetLife never explicitly denied plaintiffs' requests for coverage, MetLife's unreasonable delay in payment and/or underpayment of various aspects of plaintiffs' claim violated IFCA."); *Kifer v. Am. Family Mut. Ins. Co.*, No. 13-6085 RJB, 2015 WL 12030068, at *4–5 (W.D. Wash. Feb. 10, 2015) (issues of fact prevented dismissing IFCA claim although insurer "eventually paid the full amount"). Whether or not Plaintiff's IFCA claims succeed on the merits is not before the Court.

Plaintiff's Motion satisfies factors one, two, three, and five, above, and these factors are not discussed by Defendants. The only factor before the Court is futility. Defendants' arguments are not particularly convincing. As stated by Defendant Greenwich, "a claim for unreasonableness is a question of fact for a jury." Dkt. #43 at 6. Further, the Court will not consider the extensive facts submitted by Defendant Greenwich at this stage as this is not a motion for summary judgment. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.") Plaintiff's proposed amended complaint adds claims that could conceivably survive if Plaintiff can establish certain facts. Accordingly, the Court finds that the requested amendment is warranted.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

(1) Plaintiff Westridge Townhomes Owners Association ("the Association")'s Motion for Leave to File Amended Complaint (Dkt. #38) is GRANTED.

(2) Plaintiffs shall file their Proposed Amended Complaint (Dkt. #38-3) and serve it on Defendants **within fourteen (14) days of this Order.**

DATED this 2nd day of June 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE