UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESTRIDGE TOWNHOMES OWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>GREAT AMERICAN ASSURANCE COMPANY, a foreign insurance company, as successor to AGRICULTURAL INSURANCE COMPANY; GREENWICH INSURANCE COMPANY, a foreign insurance company,<br><br>Defendants. | Case No. C16-1011RSM<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION TO CONTINUE |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff Westridge Townhomes Owners Association ("the Association")'s Motion for Partial Summary Judgment. Dkt. #50. Defendants Great American Assurance Company ("Great American") and Greenwich Insurance Company ("Greenwich") oppose the Motion and move to continue it for three months to allow for completion of discovery. *See* Dkts. #53, #56, and #58. The Court has determined that oral argument is unnecessary. For the reasons below, the Court GRANTS IN PART Plaintiff's Motion and DENIES Defendant's Motion to Continue.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND DENYING DEFENDANTS' MOTION TO CONTINUE - 1

## II. BACKGROUND

Plaintiff is an association of unit owners at Westridge Townhomes condominium in Kent, Washington. Dkt. #51 at ¶ 3. Defendants Great American and Greenwich sold the Association a series of "Difference in Conditions" property insurance policies, including the one at issue in this motion. *See* Dkt. #52-1.

The Policy states that it "insures against all risks of direct physical loss or damage from any external cause except as hereinafter excluded . . . ." *Id* at 6. The Policy specifically states it will not cover a list of excluded perils, including "errors in design, errors in processing, faulty workmanship or faulty materials…" *Id.* at 10. However, the Policy does not explicitly exclude "faulty construction," "faulty maintenance," or "wet or dry rot," although those terms are excluded in other policies issued by Defendants. *See* Dkt. #50 at 6–7.

In January of 2016, the Association received a report from architect Keith Soltner, which described damage to the framing and sheathing that had previously been hidden behind the condominium's exterior siding. Dkt. #51 at ¶ 5.

On April 28, 2016, the Association submitted a claim to Defendants for this damage. Dkt. #52-6. The Association sent notice to Great American to the address that Washington's Office of the Insurance Commissioner instructed the Association to use. *See* Dkts. #52-7 and #52-8. The Association sent the Greenwich notice to the "registered address" that Greenwich had given to the Office of the Insurance Commissioner. *See* Dkt. #52-9. Defendants failed to promptly respond or investigate, eventually denying the claims by letter dated April 12, 2017. Dkt. #47 at 120.

The Association filed this lawsuit in June 2016. Dkt. #1. The current Amended Complaint alleges that Defendants, in failing to provide coverage and failing to promptly

investigate the Association's insurance claims, acted in bad faith, violated several insurance regulations, violated RCW 48.30.015, and violated the Washington Consumer Protection Act, RCW 19.86.020. Dkt. #47 at 5–6.

Although discovery is still proceeding, the Association now moves for partial summary judgment, requesting that the Court rule as a matter of law that: the Policy does not exclude, and therefore covers, the perils of faulty construction, faulty maintenance, and wet or dry rot; the Policy covers non-excluded property damage regardless of when the damage occurred; Defendants have the burden of proving that other insurance applies; if the jury decides that damage resulted from the combination of excluded and non-excluded perils, then the damage will be covered; and that Defendants' suit limitation clause and late notice defenses are stricken. Dkt. #50-3 at 2.

### III. DISCUSSION

**A. Motion to Continue**

As an initial matter, Defendants move to continue consideration of the Association's Motion for Summary Judgment. Dkt. #53. Defendants cite Rule 56(d):

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). However, the Court finds that Defendants have not set forth sufficient evidence that they "cannot present facts essential to justify [their] opposition," instead arguing that the Association's Motion "ask[s] the Court to make rulings in a factual vacuum," Dkt. #53 at 7. Defendants fail to convince the Court that they need further facts to oppose *this* partial

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION TO CONTINUE - 3

summary judgment motion, rather than subsequent dispositive motions or issues for trial. Accordingly, the Court will deny Defendants' Motion.

**B. Legal Standard for Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

//

//

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION TO CONTINUE - 4

## C. Analysis

Under Washington law, interpretation of an insurance contract is a question of law. *Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 424, 38 P.3d 322 (2002). Determining whether coverage exists is a two-step process. The insured must first show the loss falls within the scope of the policy's insured losses. *McDonald v. State Farm Fire & Casualty Co.*, 119 Wn.2d 724, 731 837 P.2d 1000, 1003-1004 (1992). To avoid coverage, the insurer must then show the loss is excluded by specific policy language. *Id*. When interpreting an insurance policy, "ambiguities are resolved in favor of the policyholder." *Eurick v. Pemco Ins. Co.*, 108 Wn.2d 338, 340, 738 P.2d 251, 252 (1987) (citing *E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 907, 726 P.2d 439 (1986)). In addition, "exclusionary clauses are to be construed strictly against the insurer." *Id.* (citing *Farmers Ins. Co. v. Clure*, 41 Wn. App. 212, 215, 702 P.2d 1247 (1985)). "The terms of a policy should be given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Overton*, 145 Wn.2d at 424.

### 1. "Faulty Construction," "Faulty Maintenance," and "Wet or Dry Rot"

The Association argues that the Policy affords "all risk" coverage, covering any peril that is not specifically excluded. Dkt. #50 at 12 (citing *Northwest Bedding Co. v. Nat'l Fire Ins. Co. of Hartford*, P.3d 484, 487 (Wash. Ct. App. 2010). Because the policy does not explicitly exclude "faulty construction," "faulty maintenance," or "wet or dry rot," these perils—in the abstract—must be covered. The Association points out that Great American and Greenwich both sell other policies that exclude "faulty construction," "faulty maintenance," and "wet or dry rot." *Id*. at 12–13 (citing Dkts. #52-4 at 23-26 and #52-5 at 36-39).

Defendants argue that faulty construction and faulty maintenance are excluded under the umbrella term "faulty workmanship," and that wet or dry rot is excluded under the term "deterioration." Dkt. #56 at 6 (citing *City of Oak Harbor v. St. Paul Mercury Ins. Co.*, 159 P.3d 422 (Wash. Ct. App. 2007)). Defendants also argue it is improper for the Court to rule at this stage because of pending discovery and because the damage at issue could be described as faulty workmanship or deterioration. *See Id.* at 7.

On Reply, the Association argues that *City of Oak Harbor* supports its position because it states that "'workmanship' must mean something distinct from 'construction' . . . or else it would be superfluous." Dkt. #60 at 2 (citing 159 P.2d at 425). The Association argues that "if the Policy doesn't exclude faulty construction; and if workmanship must mean something distinct from construction… then the fact the Policy excludes faulty workmanship doesn't preclude an order that the Policy covers faulty construction." *Id.* (internal quotation marks omitted). The Association also argues that these terms must mean different things because other insurance contracts list them separately, as well as listing "deterioration" and "wet or dry rot" separately, and courts do not interpret insurance policies to have superfluous language. *Id.* at 4 (citing *Ibrahim v. AIU Ins. Co.*, 312 P.3d 998, 1003 (Wash. Ct. App. 2013)).

The Court agrees with the Association that because the Policy does not explicitly exclude "faulty construction," "faulty maintenance," or "wet or dry rot," these perils are covered, pursuant to the other terms of the Policy. *See Northwest Bedding Co., supra*. The Court disagrees with Defendants that these terms are excluded under the exclusions for faulty workmanship and deterioration for the reasons stated by the Association. However, the Court wishes to be clear that it is not able to rule at this stage whether the damage to the condominium falls under a covered or excluded peril.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION TO CONTINUE - 6

## 2. Temporal Limitation to Coverage

Plaintiffs seek judgment as a matter of law that the Policy covers non-excluded property damage "regardless of when the damage occurred." Dkt. #50 at 13; Dkt. #50-3 at 2.

Defendants argue that the Policy's language should be construed as limiting coverage to losses occurring between the inception and expiration date of the policy. Dkt. #56 at 8–9; Dkt. #58 at 6–7. In the alternative, Defendant Great American argues that the Court should "adopt the manifestation trigger," as discussed in *Ellis Court Apartments Ltd. v. State Farm Fire & Cas. Co.*, 117 Wn. App. 807, 812, 72 P.3d 1086, 1089 (2003).

Plaintiff argues that the Policy does not have such a temporal limitation, that *Ellis Court* requires "discovered" or "manifested" language in a policy to limit coverage to damage discovered during the policy period, and that because such language is missing here, the Court should likewise refuse to so limit coverage. Dkt. #60 at 7 n.5; *see Ellis Court*, 117 Wn. App. at 814–15. Plaintiff cites to *Eagle Harbour Condominium Association v. Allstate Insurance Company*, C15-5312-RBL, 2017 WL 1316936, *7 (W.D. Wash. April 10, 2017) as holding that each insurer of a risk during a time of ongoing damage has a joint and several obligation to provide coverage for that damage, and that whether a progressive loss occurred during a policy period is a question of fact. *Id.* at 8. Plaintiff argues that the "single loss clause" in the Policy applies only to earthquake losses. *Id.*

The Court agrees with the Association that the Policy does not provide an unambiguous temporal limitation to coverage, and that the Association can make a claim for ongoing damage during the coverage period. This does not mean that the Policy covered damage *regardless* of when it occurred; there must still be a connection to the Policy period. The Court need not adopt the manifestation trigger discussed in *Ellis Court* because the Policy at issue lacks the

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION TO CONTINUE - 7

required "discovered" language limiting coverage to damage discovered during the policy period. Whether or not the loss at issue here was a progressive loss occurring during the policy period remains a question of fact.

### 3. Coverage under Other Insurance Policies

The Association argues that, because the Policy excludes coverage where a loss is insured under another policy, Defendants have the burden of proving that exclusion applies. Dkt. #50 at 16 (citing *Diamaco, Inc. v. Aetna Cas. & Sur. Co.*, 983 P.3d 707, 709 (Wash. Ct. App. 1999)). The parties appear to generally agree to that premise, although Defendant Greenwich believes this discussion is premature. *See* Dkt. #58 at 7. Because the Association only seeks a ruling that "Defendants have the burden of proving that other insurance applies," the Court will only rule on that topic. The Court finds that the Policy clearly states an *exclusion* of coverage where a loss is insured under another policy, and thus under the cited case law, Defendants have the burden of proving that this exclusion applies. Nothing in this ruling affects the Association's initial burden of proving that a covered loss occurred. *See McDonald, supra*.

### 4. Damage Caused by a Combination of Excluded and Non-Excluded Perils

The Association argues for that application of the "efficient proximate cause rule" to this case. Dkt. #50 at 16 (citing *McDonald.*, 837 P.2d at 1004 ("The efficient proximate cause rule states that where a peril specifically insured against sets other causes into motion which, in an unbroken sequence, produce the result for which recovery is sought, the loss is covered, even though other events within the chain of causation are excluded from coverage.")). Defendants argue that the Association's request is "hopelessly abstract," Dkt. #56 at 10, and improperly based on hypothetical facts, Dkt. #58 at 12. The Court agrees with Defendants.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION TO CONTINUE - 8

The Association is not so much asking the Court to interpret the language of the Policy as asking the Court to interpret how coverage plays out in this case. The Association has not set forth an adequate factual basis for the Court to rule on this issue, and the Court will not do so. This issue may be raised at a later date.

### 5. Defendants' Suit Limitation Clause Defense

The Policy's suit limitation clause states the Association had to file a lawsuit within one year of the date the Association discovered "the occurrence which gives rise to the claim." Dkt. #52-1 at 12 (requiring suit "within twelve (12) months next after discovery by the Insured of the occurrence which [gave] rise to the claim."). The Association argues that this defense should be dismissed because the occurrence can only be taken to be the Association's receipt of the January 2016 Soltner report "stating previously-hidden sheathing and framing was damaged and needed replacement." Dkt. #50 at 20–21.

In Response, Defendants generally point to evidence that the Association may have known of the damage at issue at an earlier date, and argue that there is a question of fact as to this issue. Dkt. #56 at 13; Dkt. #58 at 13.

The Court agrees with Defendants. There is sufficient evidence to create a question of fact as to when the event giving rise to the claim occurred, including when the Association became aware of the situation. This question of fact precludes summary judgment dismissal of this defense. Fed. R. Civ. P. 56(a).

### 6. Defendants' Late Notice Defense

The Association argues that a "late notice" defense requires the insurer to prove it suffered "actual and substantial prejudice" as a result of the late notice. Dkt. #50 at 21 (citing *S & K Motors, Inc. v. Harco Nat. Ins. Co.*, 213 P.3d 630, 636 (Wash. Ct. App. 2009) (explaining

insurer "must perform under its insurance contract unless it can show actual and substantial prejudice due to the late notice")). The Association argues, *inter alia*, that Defendants cannot claim prejudice here because they have already stated that they would have denied coverage under an exclusion in the Policy regardless of when notice occurred. *Id*. at 22. The Association also argues that the damage to the condominium and the resulting repairs would have been the same regardless of when the Association gave notice, citing deposition testimony of Defendants' hired engineer who inspected the condominium and stated that he was not aware of repairs that needed to be done that would not have been required in 2012. Dkt. #50 at 23.

> In Response, Defendant Great American argues:
>
>> The fact that Great American also denied coverage for other reasons does not preclude prejudice under these facts. The Association claims the denial was incorrect and the parties are litigating to resolve that dispute. Even if Great American would have taken the same position fifteen years ago, the stakes in the coverage dispute would have been much smaller because the dispute would be about repairs to a building with 15 fewer years of additional deterioration.

Dkt. #56 at 14. Great American also reiterates that it disagrees with the Association's position on when it was aware of the damage at issue, based on outstanding questions of fact. Greenwich makes similar arguments, arguing as well that the delay has resulted in lost evidence and has prejudiced Defendants' subrogation rights against third persons responsible for defective design, faulty workmanship, and repair. Dkt. #58 at 14.

On Reply, the Association argues that Defendants fail to submit "any evidence of resulting prejudice, as opposed to argument." Dkt. #60 at 13. The Association argues that Defendants do not need additional time for discovery because "[p]rejudice to Defendants is an issue that they, not the Association, would have information about." *Id*.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION TO CONTINUE - 10

The Court finds it cannot rule as a matter of law that Defendants were not prejudiced by alleged late notice. Although Defendants have generally failed to present evidence, it appears entirely possible to the Court that a multi-year delay in repair could lead to an increased bill and lost evidence. Genuine issues of material fact remain in abundance as to this defense.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

(1) Plaintiff's Motion for Partial Summary Judgment (Dkt. #50) is GRANTED IN PART as follows:

    a. The Policy does not exclude, and therefore covers, the perils "faulty construction," "faulty maintenance," and "wet or dry rot;"

    b. the Policy does not provide an unambiguous temporal limitation to coverage, and thus the Association can make a claim for ongoing damage during the coverage period;

    c. Defendants have the burden of proving that other insurance applies;

    d. all other requested relief is denied.

(2) Defendants' Motion to Continue, Dkt. #53, is DENIED.

DATED this 31 day of October, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE