UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESTRIDGE TOWNHOMES OWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>GREAT AMERICAN ASSURANCE COMPANY, a foreign insurance company, as successor to AGRICULTURAL INSURANCE COMPANY; GREENWICH INSURANCE COMPANY, a foreign insurance company,<br><br>Defendants. | Case No. C16-1011RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendants Great American Assurance Company ("Great American") and Greenwich Insurance Company ("Greenwich")'s Motion for Reconsideration. Dkt. #65. Plaintiff Westridge Townhomes Owners Association ("the Association") opposes the Motion. Dkt #73.

Defendants request that the Court reconsider a certain portion of its "Order Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment and Denying Defendants' Motion to Continue," Dkt. #63. Specifically, "part C.1. of the ruling found on pages 5 and 6 of Dkt. 63 dealing with the applicability of exclusions in the defendants' policies

ORDER DENYING MOTION FOR RECONSIDERATION - 1

to 'faulty construction,' 'faulty maintenance' and 'wet or dry rot.'" Dkt. #65 at 1. Defendants first argue that of the Court's ruling in that portion "has no clear application" because the Court did not define "faulty workmanship" or "faulty construction," or "explain how the two terms relate to one another." *Id*. at 1–2. Defendants argue that "it is unclear what the parties should do with [the Order]" and ask "[h]ow do we know whether something is faulty construction or faulty workmanship?" *Id*. at 2. Defendants next argue that the Court misunderstood cited portions of *City of Oak Harbor v. St. Paul Mercury Ins. Co.*, 139 Wn. App. 68, 74–75, 159 P.3d 422, 425 (2007), specifically arguing that faulty construction must be a subset of faulty workmanship. *Id*. at 2–3.[1] Defendants go on to argue that "The Court's ruling essentially denies that different words could describe the same thing or be used interchangeably to describe the same thing... [and] ignores the difference between general, abstract words and concrete, specific words." *Id.* at 4. Defendants argue that "Washington courts have long recognized that different words within the same insurance policy can have similar meanings and that the availability of a more concrete and specific wording to describe particular claims facts does not prevent the application of general, abstract exclusions." *Id.* at 5 (citing *Queen City Farms, Inc. v. Cent. Nat. Ins. Co. of Omaha*, 126 Wn.2d 50, 82, 882 P.2d 703, 721 (1994) and *State Farm Fire & Cas. Co. v. English Cove Ass'n, Inc.*, 121 Wn. App. 358, 367, 88 P.3d 986, 991 (2004)). Finally, Defendants argue that the Court should not have considered Great American and Greenwich policies issued to other insureds that contain exclusions of "faulty construction," "faulty maintenance," and "wet or dry rot," the exclusions missing in the Policy in this case. *Id*. Defendants argue that the Court failed to consider evidence in the light most favorable to Defendants as the non-moving parties.

---

[1] To illustrate this concept, Defendants include a Venn diagram with a circle for "Faulty Construction" contained entirely within a circle for "Faulty Workmahsip" [sic]. Dkt. #65 at 3.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

In Response, the Association first argues that the Court's ruling has a clear application because "what the insurance policy covers is a question to be resolved before the jury decides causation." Dkt. #73 at 2 (citing *Vision One, LLC v. Philadelphia Indem. Ins. Co.*, 241 P.3d 429, 435 (Wash. Ct. App. 2010), *rev'd on other grounds*, 276 P.3d 300 (Wash. 2012); *Sunbreaker Condominium Ass'n v. Travelers Ins. Co.*, 901 P.2d 1079, 1082 (Wash. Ct. App. 1995)). The Association next argues that the Court's citation to *City of Oak Harbor* was accurate and applied to this case correctly, and that Defendants' arguments are simply reiterations of what was argued previously with a "banana" and "fruit" analogy. *Id*. at 3–4. The Association states that it requested a ruling on "what the Policy covers" and therefore "did not require the Court to apply any facts to the exclusions, and accordingly, there was nothing to 'misapply.'" *Id*. at 3. The Association argues its interpretation of the relationship between faulty construction and faulty workmanship is reasonable, and that "[w]hen a policy term—especially an exclusion—is subject to more than one reasonable interpretation, it is ambiguous and will be given the interpretation most favorable to the policyholder." *Id*. at 4 (citing *Kaplan v. N.W. Mut. Life Ins. Co.*, 65 P.3d 16, 23 (Wash. Ct. App. 2003); *Queen City Farms,* 126 Wn.2d at 83). The Association argues that abstract words are not appropriate for exclusions in insurance contracts under Washington law. *Id*. at 5. The Association argues that the Court's reliance on evidence of other policies issued by Defendants was proper. *Id*. at 6–7.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

ORDER DENYING MOTION FOR RECONSIDERATION - 3

The Court's Order stressed what it was and was not ruling on. Dkt. #63 at 6 ("The Court agrees with the Association that because the Policy does not explicitly exclude 'faulty construction,' 'faulty maintenance,' or 'wet or dry rot,' these perils are covered, pursuant to the other terms of the Policy. . . . the Court wishes to be clear that it is not able to rule at this stage whether the damage to the condominium falls under a covered or excluded peril."). Interpreting the insurance contract is a question of law appropriate for consideration on a motion for partial summary judgment. *See Overton v. Consol. Ins. Co.*, 145 Wn.2d 417, 424, 38 P.3d 322 (2002). Given the nature of the Association's Motion, it is to be expected that the parties would be left with remaining questions. It will be up to the parties to decide how best to proceed with those remaining questions in this case. It is not the Court's typical practice to rule on insurance coverage in such a piecemeal fashion. However, the issue of "how do we know whether something is faulty construction or faulty workmanship" was not before the Court, and it was not manifest error for the Court to leave the parties with a ruling in the abstract.

The Court next finds that Defendants have failed to show manifest error in the Court's application of *City of Oak Harbor* or its ruling that faulty construction is not excluded by the Policy's exclusion of faulty workmanship. Defendants fail to cite any new authority which could not have been brought to the Court's attention earlier, and generally reiterate prior arguments on this point. Defendants fail to convince the Court that its reliance on evidence that *these Defendants* use the term faulty construction in other policies was somehow inapplicable, or that the Court could have negated this evidence by interpreting this evidence in a different light. The Court agrees with the Association that exclusionary clauses are to be construed strictly against the insurer. *Eurick v. Pemco Ins. Co.*, 108 Wn.2d 338, 340, 738 P.2d 251, 252

ORDER DENYING MOTION FOR RECONSIDERATION - 4

(1987) (citing *Farmers Ins. Co. v. Clure*, 41 Wn. App. 212, 215, 702 P.2d 1247 (1985)).  Given all of the above, the Court will deny the instant Motion.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Reconsideration, Dkt. #65, is DENIED.

DATED this 28 day of November, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE