UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESTRIDGE TOWNHOMES OWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>GREAT AMERICAN ASSURANCE COMPANY, a foreign insurance company, as successor to AGRICULTURAL INSURANCE COMPANY; GREENWICH INSURANCE COMPANY, a foreign insurance company,<br><br>Defendants. | Case No. C16-1011RSM<br><br>ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Westridge Townhomes Owners Association ("the Association")'s Motion for Partial Summary Judgment. Dkt. #64. Defendants Great American Assurance Company and Greenwich Insurance Company oppose the Motion, arguing in part that the Court should reserve ruling on these issues. Dkt #72 at 3.

The Association's Motion asks the Court to determine "[w]hether Defendants have the burden of proof regarding 'fortuity' or, in the alternative, whether the Court should certify the issue to the Washington Supreme Court." Dkt. #64 at 3. The Association argues that "courts

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

applying Washington law have repeatedly assigned the insurer the burden of proof regarding the issue of whether the insured knew its loss would occur, *i.e.*, proof of a lack of fortuity…" *Id.* at 4.

Defendants raise a procedural issue with this Motion, arguing that:

> A summary judgment motion must be addressed to the "claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Here, the Association does not seek a judgment on fortuity as a claim or defense or as to some element of a claim or defense. Rather, the Association seeks a ruling on the general legal question of the burden of proof at trial on a claim or defense. It might be proper to address this question as a part of a motion for summary judgment if it could be argued that one or the other party had the burden of proof and could not come forward with any evidence on the issue, but the Association does not claim that such a factual situation exists.
>
> Unless the Association can show that a favorable ruling on the burden of proof would lead to full or partial judgment as a matter of law in its favor, then the proper place to raise its argument is when parties argue over the wording of instructions to the jury. Reserving ruling until that point would avoid unnecessary rulings on general questions of state law and would also give the Court the benefit of the full context of the case in which to make its ruling.

Dkt. #72 at 3.

In Reply, the Association argues that, under Rule 56, there is no question that a party may move for a ruling on part of a defense. Dkt. #74 at 9 (citing *Hanson v. Safeco Ins. Co. of Am.*, C13-1151JLR, 2014 WL 3752114, at *4 (W.D. Wash. July 30, 2014)). The Association argues that "[p]art of resolving Defendants' fortuity affirmative defense is assigning the burden of proof," and that "the proper allocation of the burden of proof presents a purely legal issue conducive to summary judgment." *Id*.

The Court agrees with Defendants that this Motion is premature. The Association is requesting the Court to line up, in advance, a favorable portion of a hypothetical ruling on an

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

affirmative defense. The Association's Reply brief does little to respond to Defendants' procedural concerns, and appears to imply that, while the burden of proof is a "purely legal issue," there could be a factual dispute about this affirmative defense. If so, Defendants are correct that the proper place to raise such a legal argument would be when parties argue over the wording of instructions to the jury. If this is not the case, then this issue should be raised in a forthcoming dispositive motion seeking to dismiss this affirmative defense.

The Court is also concerned by the Association's apparent legal strategy of filing serial partial summary judgment motions. *See* Dkt. #50 (an earlier Motion for Partial Summary Judgment filed by the Association). Under the Court's Local Rules, "[a]bsent leave of the court, a party must not file contemporaneous dispositive motions, each one directed toward a discrete issue or claim." LCR 7(e)(3). Although the Association's two Motions are not contemporaneous, they have been filed before the close of discovery, when the facts would be in place for a single summary judgment motion to be filed containing all of the legal issues that the Association believes need to be resolved by the Court. In any event, the Court does not grant leave for the Association to file contemporaneous dispositive motions.

The Association requests in the alternative that the Court certify this question to the Washington State Supreme Court. "The decision to certify a question to a state supreme court rests in the sound discretion of the district court." *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003). Certification is appropriate only "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding…" *Peterson v. Graoch Associates No. 111 Ltd. P'ship*, 2012 WL 254264, at *2 (W.D. Wash. Jan. 26, 2012) (emphasis omitted); *see also* RCW 2.60.020.

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

Certification is unnecessary here, partly because the Association premises its Motion on the assertion that Washington law is clear on this issue. *See* Dkt. #65 at 6 ("the Washington Supreme Court has plainly stated that the 'fortuity' principle exists under Washington law solely as the 'known risk' defense, which is an issue on which the insurance company bears the burden of proof."). More significantly, certification is inappropriate at this time because it is not "necessary" in order to "dispose of such proceeding" for the reasons identified above. *See Peterson, supra*.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the Association's Motion for Partial Summary Judgment, Dkt. #64, is DENIED.

DATED this 11 day of December, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE