UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESTRIDGE TOWNHOMES OWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>GREAT AMERICAN ASSURANCE COMPANY, a foreign insurance company, as successor to AGRICULTURAL INSURANCE COMPANY; GREENWICH INSURANCE COMPANY, a foreign insurance company,<br><br>Defendants. | Case No. C16-1011RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND DENYING DEFENDANTS' CROSS-MOTION TO COMPEL |

This matter comes before the Court on Plaintiff Westridge Townhomes Owners Association ("the Association")'s Motion to Compel, Dkt. #67, and Defendant Greenwich Insurance Company ("Greenwich")'s Cross Motion to Compel, Dkt. #69.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

The Association moves to compel Defendants Great American Assurance Company ("Great American") and Greenwich to produce documents withheld under attorney-client and work product privileges, but which were created as part of Defendants' coverage investigation. Dkt. #67 at 2. The Association relies heavily on *Cedell v. Farmers Ins. Co. of Washington*, 176 Wn.2d 686, 295 P.3d 239 (2013). Under *Cedell*, the Court begins with the "presumption that there is no attorney-client privilege relevant between the insured and the insurer in the claims adjusting process," and that the attorney-client privilege is "generally not relevant." *Cedell*, 295 P.3d at 246. The insurer may overcome the presumption of discoverability by demonstrating that its attorney was not engaged in the quasi-fiduciary functions of investigating and evaluating or processing the claim. *Id*. The Association discusses situations where attorney-client privilege could be claimed, but argues that Defendants here cannot rebut the above presumption. *Id*. The Association argues that "documents reflecting the insurer's investigation, evaluation, and adjustment of a claim are created in the ordinary course of business and therefore not protected by the work product doctrine under federal procedural rules." Dkt. #67 at 6 n.3 (citing *Heath v. F/V ZOLOTOI*, 221 F.R.D. 545, 549–50 (W.D. Wash. 2004)).

The Association takes it a step further, arguing that even if an insurer overcomes the presumption of discoverability in *Cedell*, a policyholder may pierce the privilege by making a colorable showing that the insurer attempted in bad faith to defeat a meritorious claim for

coverage, and the insurer must then produce its entire claim file. Dkt. #67 at 6–7 (citing *Meier v. Travelers Home & Marine Ins. Co.*, No. C15-0022RSL, 2016 WL 4447050, at *1 (W.D. Wash. Aug. 24, 2016)). The Association sets forth its evidence for a colorable showing: a) Defendants denied coverage based on the very same reasons asserted in their affirmative defenses prior to conducting any investigation; and b) Defendants denied coverage without properly reviewing the Association's underlying insurance policy to see what perils it insured, based on 30(b)(6) deposition testimony. *Id.* at 9–12.

Defendants each responded to this Motion separately. In its Response, Greenwich argues that there is no basis to argue that the attorney-client privilege is waived or that the work product doctrine does not apply, but "[a]lternatively, if this Court chooses to grant Plaintiff's motion to compel, Greenwich seeks the same relief in their cross-motion to compel." Dkt. #69 at 1. Greenwich cites to *Bronsik v. Allied Prop. and Cas. Ins.*, 2010 WL 786016, at *2 (W.D. Wash., 2010) for the proposition that "[a]n attorney acting as a claims adjuster, and not as a legal advisor, could still claim the privilege if that attorney was an agent necessary for the provision of legal advice." *Id.* at 6. Greenwich attempts to distinguish *Cedell* by arguing that the allegations of bad faith in *Cedell* "contained specific conduct that constituted bad faith, compared to the boilerplate allegations asserted by [the Association]." *Id.* Greenwich argues that "documents generated post-litigation" are not subject to discovery. *Id.* (citing *Richardson v. Gov't Employees Ins. Co.*, 403 P.3d 115, 121 (Wash. Ct. App. 2017)). Greenwich contends that the Association's bad faith claim is insufficient to open up all privileged documents to discovery. *Id.* at 6–7 (citing, *inter alia*, *MKB Constructors v. Am. Zurich Ins. Co.*, 2014 WL 2526901 at *5 (W.D. Wash. 2014)). Greenwich argues that the work product privilege applies in this case because the Association must, and cannot, "demonstrate that the mental impressions

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND DENYING
DEFENDANTS' CROSS-MOTION TO COMPEL - 3

are directly at issue in this case and the need for the material is compelling." *Id.* at 7 (citing *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992)). Greenwich does not address specific documents it withheld, or why such documents should not be produced even if the Court disagrees with Greenwich's position on the applicability of *Cedell*.

Great American also filed a Response. Dkt. #75. Great American appears to generally agree with the Association's analysis of *Cedell* and its application to the case at hand. Great American admits that it retained attorney Douglas Houser to assist in its claims investigation and that "many of the claim file documents relate to Mr. Houser's claims investigation." *Id.* at 4. However, Great American argues that the Association is not entitled to all documents touched by Mr. Houser, and that the Court must distinguish between documents where Mr. Houser assisted in "the insurer's quasi-fiduciary functions (*e.g.*, investigating, evaluating, negotiating, or processing the claim)" and documents reflecting legal advice. *Id.* at 3. Great American argues that " [a]t a minimum, plaintiff is not entitled to any communications between Great American and Mr. Houser – irrespective of its content – once the claims adjustment process inarguably ended on approximately March 30, 2017…. the date of the draft declination of coverage letter." *Id.* at 5. Great American argues, without citation to legal authority, that *Cedell* does not extend the discoverability presumption to post-litigation evidence." *Id.* Great American goes through specific examples of documents listed by the Association and explains why they should not be produced under *Cedell*. *Id.* at 6–8. Great American acknowledges that "[i]n rare instances… the insured may pierce the privilege by making a colorable showing that the insurer engaged in bad faith conduct tantamount to civil fraud." *Id.* at 3 – 4 (citing *Cedell*, 176 Wn.2d at 700). Great American argues that the Association has failed to make that colorable showing. *Id*. at 8–10. Great American argues that the work product privilege applies

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND DENYING
DEFENDANTS' CROSS-MOTION TO COMPEL - 4

to many of these documents and prevents disclosure that would otherwise be required under *Cedell*. *Id*. at 10–12.

On Reply, the Association agrees that the *Cedell* presumption does not continue after the adjustment process has ended, but argues that Mr. Houser was involved in the insurers' quasi-fiduciary tasks up until that letter was finalized and delivered on April 12, 2017. Dkt. #80 at 3. The Association argues that Mr. Houser's mental impressions related to the insurer's quasi-fiduciary duties, as well as all documents "containing [the lawyer's] impressions regarding the insurer's quasi-fiduciary duties to the insured, including her liability assessments and coverage advice" are subject to production. *Id*. at 3–4 (citing *Palmer v. Sentinel Ins. Co. Ltd*, C12-5444 BHS, 2013 WL 12124516, at *2 (W.D. Wash. July 10, 2013)).

As an initial matter, the Court finds that the Association has failed to make a colorable showing of bad faith sufficient to pierce all assertions of privilege. The Association's limited evidence of bad faith strikes the Court as relatively typical to insurance litigation and, to a certain extent, a product of the unique procedural posture of this case, where litigation was commenced prior to the coverage investigation. It is possible for a defendant insurer to accurately predict applicable affirmative defenses, engage in an investigation, and find that the same affirmative defenses apply without investigating in bad faith. In any event, the evidence submitted so far is insufficient to satisfy the test in *Cedell*, that "a reasonable person would have a reasonable belief that an act of bad faith has occurred." 176 Wn.2d at 700.

The Court has examined the discovery requests and privilege logs at issue and has determined that an *in camera* review has not been justified. The Association is requesting production of Defendants' complete claims files and any documents relating to the investigation and analysis of the Association's request for insurance coverage. Dkts. #68-1 at 14; #68-2 at

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND DENYING
DEFENDANTS' CROSS-MOTION TO COMPEL - 5

12–13. Defendants, apparently failing to keep separate investigation and litigation files, have withheld hundreds of documents listed in privilege logs. Dkts. #68-5 and #68-6. The privilege logs identified communications with, and documents created by, attorney Doug Houser that Defendants withheld on the bases of attorney-client privilege and work product. *See id.* Mr. Houser represents both Defendants. Dkt. #9; Dkt. #68-9 at 5. The Court is convinced that Mr. Houser worked for Defendants as an investigator and evaluator of the Association's claim based on the evidence submitted by the Association. Dkt. #67 at 3–4. Defendants do not seriously rebut this evidence. Given this conclusion and the applicable law as stated in *Cedell, supra*, the Court concludes that Defendants are not entitled to claim attorney-client privilege for withheld documents involving Doug Houser and created up until that coverage denial letter was finalized and delivered on April 12, 2017. The Court agrees with the Association that nothing in *Cedell* limits the discoverability presumption to pre-litigation evidence, and *Richardson, supra* is inapposite to the facts of this case as the investigation here occurred after litigation commenced. The Court agrees with the Association that documents containing Mr. Houser's mental impressions regarding the insurers' quasi-fiduciary duties to the insured, including his liability assessments and coverage advice, are subject to production.

Similarly, work product privilege cannot be attached to these documents. Rule 26(b)(3) governs Defendants' assertions of work-product protection. *See Schreib v. Am. Family Mut. Ins. Co.*, 304 F.R.D. 282, 285 (W.D. Wash. 2014); *MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-0611-JLR, 2014 WL 2526901 (W.D. Wash. May 27, 2014). The work product doctrine protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). When the issue comes before the court, it necessarily requires a case-by-case

inquiry. *Garcia v. City of El Centro*, 214 F.R.D. 587, 592 (S.D. Cal. 2003). The party invoking the work product doctrine bears the burden of establishing that it applies. *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). The Ninth Circuit has stated that "a document should be deemed prepared in anticipation of litigation and thus eligible for work product protection under Rule 26(b)(3) if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *In re Grand Jury Subpoena (Mark Torf)*, 357 F.3d 900, 907 (9th Cir. 2004). If a document would have been created in substantially similar form in the normal course of business, however, the fact that litigation is afoot will not protect it from discovery. *Id.* at 908. Where a document serves a dual purpose—*i.e.*, the document "was not prepared exclusively for litigation"—the Ninth Circuit applies the "because of" standard:

> Dual purpose documents are deemed prepared because of litigation if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation. In applying the "because of" standard, courts must consider the totality of the circumstances and determine whether the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation.

*Richey*, 632 F.3d at 567–68 (internal quotation marks omitted).

The Court finds that both Defendants have failed to meet their burden to establish that the documents created by or sent to attorney Doug Houser prior to April 12, 2017, were created because of litigation and not in the normal scope of Defendants' insurance business. Accordingly, the work product privilege does not apply.

These conclusions leave a handful of documents as properly withheld. The Court notes just how few documents are adequately addressed individually by Defendants. The Court

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND DENYING
DEFENDANTS' CROSS-MOTION TO COMPEL - 7

agrees with Great American that the documents at bates 034025-4026 and 034030-4033 fall outside of *Cedell* presumption. Although there are documents withheld by Greenwich that do not appear to involve Doug Houser, *e.g.* the document at bates GRE000955-67 ("invoice recap for Bullivant Houser Bailey ("BHB") legal services), Greenwich has failed to address such documents and explain why the discovery request should be denied, as is its burden. The Court finds that it is insufficient for the parties to rely on a request for *in camera* review to avoid their responsibility to explain why such documents should be withheld.

Finally, the Court has considered and rejects Greenwich's argument that the Association should be compelled to similarly turn over attorney-client privileged documents. Greenwich cites no valid legal basis for this request. Plaintiff insured did not owe its insurer a quasi-fiduciary duty in the investigation and evaluation of the claim. As such, the *Cedell* presumption above is not a two-way street.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1) Plaintiff Westridge Townhomes Owners Association's Motion to Compel (Dkt. #67) is GRANTED. Great American Assurance Company shall produce the documents listed in Appendix A to Plaintiff's Motion to Compel Discovery, except the documents at bates 034025-4026 and 034030-4033, **within fourteen (14) days of this Order**. Greenwich Insurance Company shall produce the documents listed in Appendix B to Plaintiff's Motion to Compel Discovery **within fourteen (14) days of this Order**.

2) Defendant Greenwich Insurance Company's Cross Motion to Compel (Dkt. #69) is DENIED.

DATED this 21 day of February, 2018.

                                    RICARDO S. MARTINEZ
                                    CHIEF UNITED STATES DISTRICT JUDGE